please proceed. Thank you your honor may it please the court I'm James Laughlin and I am here on behalf of the appellant Mr. Hernandez and with the court's permission I'd like to reserve two minutes of my time. Counsel please be reminded that the time shown on the clock is your total time remaining. Yes thank you. The district court committed multiple procedural errors when it imposed a sentence far above the advisory range for Mr. Hernandez's calculations of the offense level and the resulting advisory range. That error is significant because the range actually bounced around a lot in the various filings but that were done by the probation office and the parties leading up to the sentencing before everybody finally agreed on a 10 to 16 month range. So that created a very real possibility of confusion and creates circumstances under which this court can't simply assume that the court used the correct range without it saying so. First of all he had some familiarity because he did get into the calculation of the criminal history category so it was clear that he had something before him as to the proposed range but more importantly didn't make crystal clear throughout that he was not interested in the guideline range because he felt that this recidivist had not been specifically deterred and needed a an appropriately high sentence and wasn't that crystal clear from his comments? Well I think I think there's there's two things that are relevant to your honor's question. The first is that to the extent that the government points to statements that the court made about the prior legal re-entry sentence of 30 months being a factor that actually is a significant error and that a census that has suggested the court used that as a starting point initial benchmark rather than the range. But even if it didn't do that and even if it did have some concerns generally about recidivism or 30-year sentence was so far above the range was three times a low and almost twice the high end the duty to explain not only that the duty to explain is more than I think this is inadequate it's why is this inadequate why don't the guidelines adequately take these factors that I'm stating into account and the bigger the degree of variance from the guideline range the more significant the explanation has to be and here what the court the court Is that right? I mean I thought there was that case called Booker where the guidelines were held to be advisory only? They are but post Booker the Supreme Court held in Gaul and this court repeated it in Cardi that a it's it's I think it said something like it's beyond question that a greater variance calls for a greater explanation than a within guideline sentence or so so I mean what what maybe I missed something but didn't he in effect say look I repeated this guy got 30 months previously and it didn't do the trick and he came back and I'm not going to give him less than 30 months now because we need a sentence that will have a specific deterrent effect are you supposing he had said in those words are you saying he that you would then have a ground for reversal I think so I think that would eliminate the initial question of whether he used the guideline range at all but I still think that when the court points to the things appointed to here it's incumbent about him to say more than that kind of generality about why for example the prior illegal re-entry sentence that resulted in a four level increase in the offense level and a one category increase in the criminal history category so that by itself already was taken into account by the sentencing mission and vastly increase the range that would otherwise apply same thing with the DUI's those were calculated those part of the criminal history cap calculations now could a court in certain circumstances say as the court is did even in the pre-booker era you know this this criminal history that this the the guidelines calculations under represents a criminal history it can but it requires more than what the district court said here and I think even more than what your honor you know I would require more if putting aside which is not an issue here that it's hard to know how the sentencing Commission arrives at any particular guidelines how they add two points here four points there picking it out of a in my hypothetical I'm aware that the guidelines recommend the lower but I am obligated under section 3553 a to look among other things that specific deterrence and if ever there was a case where specific deterrence hasn't worked it's this one that's why I already said no to the earlier deal that the parties presented me with and I think the absolute minimum that is required for specific deterrence is 30 months because he got that before and it didn't seem to do the trick but we'll give it to him again and maybe it will do the trick if he if he had said all that and I obviously acknowledged I am going well beyond what the record said but I this was I think a fair reading of the sense what why wouldn't that comply with all nine circuit precedents well well I think that I that would probably comply with the procedural requirements of explaining the sentence and taking to account the guideline range but as we argue in the briefs we think that this sentence is sub if the court gets past as the procedural errors we think this is a substantially unreasonable sentence which I think which means that in our opinion and for the reasons we stated that this court this sentence can't be justified by any court given any reason I think that if or any of these reasons raised to the district court or any of these objections raised well no this is a there was no objection to the failure to state the guideline range or the failure to state reason so as we acknowledge well the plain error generally applies unless the court wants to follow the election circuit and find that at least failure to explain as de novo but under our precedent we're on plain error review correct yes but as for the reasons I think I stated in the briefs I think that that's easily satisfied under this course precedents and walk nine as I explained in the reply brief I think this is a very similar combination of errors that in totality should make the court conclude that it can have enough confidence in these sentencing proceedings that it can affirm even under plain error review I see that I'm hitting my two-minute mark so unless the court has any further questions I would reserve the remainder of my time it appears not we'll hear from the government good morning arms may please the court Solomon Kim on behalf of the United States your honors in this case based on undisputed facts undisputed sentencing recommendation and an undisputed guidelines range the court chose to impose a sentence of 30 months which was six months higher than what parties agreed was appropriate sentence in this case under these circumstances your honor the court did not commit reversible error and it's the court would a remand for resent a thing the defendant would be subject to the same sentence if not higher sentence counsel you don't dispute that the district court failed to articulate the guidelines range specifically at the start of the sentencing you don't dispute that do you we don't dispute your honor that the court did not explicitly state the guidelines range that is correct your honor we also don't dispute that the district court did not say for example that a plus 4 minus 2 is 10 offense level 10 criminal disregard degree 3 results in a guideline range of 10 to 6 months that is correct your honor that's generally what happens though at sentencing though the you start I was a district court judge before I got on the Court of Appeals and so generally we start with you know the guideline range is this here are the objections here's the final range and then you go from there so so why didn't that happen this time is that is that generally the practice for this court or did it just was this kind of an anomaly well your honor in terms of what the court did in this case is that if you actually look at the very one of the very first things that the court did specifically starting on ER 5 is that the first question that the court clarified acknowledged was regarding the offense level specifically the court stated that or asked the parties if the offense level or the guidelines included any adjustment aside from acceptance or responsibility and the reason why that's so critical is because up until this proceeding every single submission by the parties the pre-sentence reports had included a minus 2 early disposition fast-track adjustment for the offense level which resulted in a lower offense level and so one of the very first things that the court did was to clarify the defense level in this case was not proceeding based off of a minus 2 early disposition the next thing that the court did starting between ER 5 and ER 8 was that the court as Judge Rakoff noted went into detail to discuss not only the defendants prior criminal convictions but also specifically noted that the and then at the very end of the sentence at ER 11 the court actually came back and specifically stated that the guidelines range was insufficient because it did not provide enough deterrence it did not provide enough protection for the defendant which is exactly why the district court was actually very upwards and imposing a sentence but never said what the guideline range actually was that's correct your honor but I think that goes back to the point that the government was raising earlier that under the a clear and obvious error and I think in this case the defendant has failed to show that and specifically I think the Senate relies a lot on walk mean and I think walk mean is critically distinguishable on two points the first point is that when the district court excuse me when the 9th Circuit discussed walk means alleged error of the district court to fail to announce contemporaneously the sentencing guidelines range and walk mean the district court prior to actually imposing the sentence did not reference the guidelines range at all whether it was in numbers or whether it was a reference to the criminal history category or to the offense level in fact the very last thing that the district court did was that simply on the prosecutor's clarification question about how the court had arrived to a conclusion the district court simply clarified it was a midpoint range based on him criminal history category of one in this case as we just discussed the very first thing that the court did was to clarify the offense level of the adjustment of responsibility being the only adjustment then went out to the criminal history category and then ended with a reference to the guidelines range but the larger I think the more important part that's distinguished this case from walk mean is that in walk mean when it came to the reasonable probability of the prejudice prong even though the court held that the district court had erred on three separate grounds that a the district court did contemporaneously announced the guidelines range be that the government was not given an equal opportunity speak and three the court did not mention any of the 3553 a factors at all the court still said in walk mean that this was a closed question and that quote a total failure of the court to do any of those things was the only reason why the court was finding that there was prejudice to the defendant in this case even if you assume that the court erred in the first regard about failing to contemporaneously announce the sentence we don't have a failure by the court to for example articulate the 3553 a factors and I think the critical point here is that the court was aware and the parties were aware of all these undisputed guidelines range and the recommendations so there's really no reasonable probability that the sentence would have been any different and I think judge ray coffee touched on this point which is that the prior 30 month sentence which this court can consider because Cardi and Carter and his progeny talk about considering the record as a whole what do we know about the courts rationale when we look at the record as a whole and we know that the court was very concerned about the fact the defendant had previously been imposed a 30-month sentence yet had continued to return and committed additional crimes the court did not in any point during the sentencing hearing even remotely referenced that as its only initial benchmark and make that 30-month sentence as its lodestar which would of course be something that would be an error but the court as articulated by Supreme Court precedent so forth is allowed to start with the guidelines but of course post Booker these guidelines are only advisory and a 30-month sentence that the fact that it was previously imposed can be a basis for the court to impose a greater sentence because a prior 30-month sentence did not allow for sufficient deterrence to the defendant so in terms of the first issue your honor I think there's no reasonable probability that the court would have sentenced the defendant had the defendant excuse me how the court uttered the magic words that 10 to 16 months again which was completely undisputed was the guidelines range and of course Cardi is clear that it doesn't require the courts to utter sort of magical words in order to be in terms of the second issue your honor I think that's even clear because despite the even assuming that the government did not have an equal opportunity to speak the court was well aware that the parties and everyone essentially agreed on a sentence of time served had the court given the government additional opportunity to speak the government simply would have said as it was saying earlier that given the time that the sentence excuse me that the length of government is recommending a sentence of time served as agreed upon by the party and so during the sentencing hearing specifically at er8 the court was already aware that the parties were jointly recommending the sentence of time served so how the district court allowed the government to explain further its recommendation it would not have resulted in a different sentence because the district court had been made fully aware of the party's I think the government excuse me the court provided sufficient enough reasons and the defense counsel points to the the degree of variance from the guidelines range and argued that that required an additional explanation in this case but I think Cardi also talked about the complexity of the case and whether or not that requires an additional explanation and this case even though the defendant had multiple DUIs deportations and so forth the nature of the defendants criminal history was not very complicated at all it was the fact that he basically came to the United States illegally and continue to commit additional crimes and in that case I think the court provided more than sufficient enough reason to talk about the deportations that the recidivist nature the prior DUIs to support its conclusion that a sentence of 30 months and the guidelines range of 10 to 16 months was insufficient in that regard so I don't think that the court was required to give any additional explanation on that point one one one point that your opponent raises in terms of the inadequacy of the explanation is the district court's failure to address the mitigating circumstances I guess that were raised in the sentencing papers maybe you could just touch on that briefly absolutely your honor and I think that the court the case that I would point to in regard to that question is Carter and Carter I think and Cardi both made clear that the court is not required to explicitly reject the defendants mitigation arguments or non and in this case the court did in fact reject the defendants mitigation arguments albeit in shorthand which is permissible under Cardi Carter and also Trujillo specifically if you take a look at the er8 the court made it clear that it was rejecting the party's sentencing recommendation of time served and the sentencing recommendation of time served was based in large part at least by defense counsel's arguments in the district court below on the mitigation arguments concerning the defendants mental deficits and it's clear based on the record the court was well aware of this because it had presided over the competency hearing said that it read the report very carefully that is quite extensive and that adopted the findings and then was reminded of those findings in the party submission and also the PSR and so by the time that the court actually went to impose its sentence it simply weighed the factors undisputed factors just differently and it said that it was not going to go with the party's recommendation which again was based on the mental deficits of the defendant and so I think that's a clear indication to the court I'll be it in shorthand rejected the defendants mitigation arguments even though it's not explicit I see that your honor I'm a little bit over time unless the court has any additional questions I'll submit on the argument thank you honor there any other questions Thank You counsel rebuttal Thank You Your Honor I have three points first with regard to counsel's description of walk nine or walk mean I disagree if the court looks at page 554 of that decision the district court in that case did say it was using criminal history category one and was using a mid-range sentence but then this court went on to say but there was no contemporaneous announcement of the calculated guideline range and that was one of the factors in the totality cumulative error analysis that ultimately led to a vacating the sentence the second point with regard to mr. Kim's statement about er page 8 where the courts supposedly rejected in shorthand the mitigation arguments based on my clients mental infirmities I strongly disagree with that because I mean in fact I think his argument highlights why an explanation was required because the government actually disputed those mental infirmities they interpreted the report differently than we did and so that was a very significant dispute that called out for an explanation and I don't think you can read that single line as even a the shorthand rejection of this non-frivolous argument that's required under Trujillo and then the the final point is that that mr. Kim mentioned the keeps mentioning the joint recommendation of the parties but he ignores that in addition to that the probation office recommended a low-end sentence of only ten months and in its letter justifying that and this is at the sealed sentencing documents of page 11 it has a detailed explanation about why that it thinks death sentence is in consistence with the 20 to 35 53 a factors including that his criminal history as reflected in the guidelines calculations is adequately takes everything into account and because his intellectual disability is in mitigating circumstance so thank you to both counsel for your helpful arguments the case just argued is submitted for decision by the court
judges: RAWLINSON, WATFORD, Rakoff